## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

KATHRYN REGET,

              Plaintiff,

v.

RAISER, LLC, UBER TECHNOLOGIES,
INC.,DULGUUN CHULUUNDAT, and
FARAZ SARDHARIA

              Defendants.

Case Number

## NOTICE OF REMOVAL

NOW COME the Defendants, UBER TECHNOLOGIES, INC. ("Uber") and RASIER, LLC ("Rasier"), improperly sued as RAISER, LLC, by and through their attorneys, Loren S. Cohen and Bret D. Franco, of Wilson Elser Moskowitz Edelman and Dicker, LLP, and for their Notice of Removal, pursuant to 28 U.S.C. § 1446, state as follows:

## Background and State Court Procedural Posture

1.     Plaintiff, KATHRYN REGET, filed her Complaint in the Circuit Court of Cook County on March 13, 2020. *See* Complaint at Law, attached as ***Exhibit A***. Plaintiff's Complaint arises from an alleged motor vehicle-pedestrian collision and names four defendants: (1) Rasier; (2) Uber; (3) Dulguun Chuluundat; and (3) Faraz Sardharia. (Ex. A). Plaintiff alleges negligence against all Defendants stemming from an incident that occurred on April 24, 2018 between the Plaintiff and an automobile allegedly operated by Defendants Chuluundat and/or Sardharia. (Ex. A at Counts I, ¶¶ 5-6). Per the Complaint, the alleged accident occurred near the intersection of Diversey Parkway and Seminary Avenue in the City of Chicago, which is located in the County of Cook, State of Illinois. (Ex. A at Count I, ¶ 3). As a result of the alleged accident, Plaintiff claims that she sustained injuries of a "personal, pecuniary and permanent nature." (Ex. A at Count

1, ¶ 15).  Upon information and belief, Plaintiff claims that she sustained a traumatic brain injury and hearing loss as a result of this accident.

3.      Plaintiff served Defendants Uber and Rasier with the Complaint and Summons on April 30, 2020.  *See* Service of Process, attached as ***Exhibit B***.

4.      As of the filing of this notice of removal, Plaintiff has not served Defendants Dulguun Chuluundat and Faraz Sardharia.

## I.      This Lawsuit Satisfies the Requirements for Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332

5.      Pursuant to 28 U.S.C. § 1332, a party may invoke Federal Jurisdiction where there is: (1) complete diversity of the Parties; and (2) more than $75,000 in controversy alleged.

6.      First, there is complete diversity of parties. Upon information and belief, Plaintiff resides in Minnesota and is therefore a citizen of the State of Minnesota.

7.      Defendant Rasier is a citizen of Delaware and California. Rasier is a Delaware limited liability company and has its principal place of business in California.  Rasier's only member is Uber Technologies, Inc.

8.      Defendant Uber is a citizen of Delaware and California.  Uber is a corporation organized under the laws of the State of Delaware and has its principal place of business is San Francisco, California.

9.      Upon information and belief, Defendant Dulguun Chuluundat resides in Los Angeles, California and therefore is a citizen of the State of California.

10.     Defendant Faraz Sardharia's involvement with this accident, if any, is unknown. According to the Complaint, he allegedly "controlled, operated and maintained a motor vehicle" on the date and location of the alleged accident. (Ex. A, Ct. IV.) However, Sardharia does not appear on the Illinois Traffic Crash Report as being the driver or owner of the vehicle that allegedly

2

made contact with Plaintiff. *See* Illinois Traffic Crash Report, attached as ***Exhibit C***. Defendant Chuluundat is listed on the police report as both the owner and driver of the sole vehicle that was involved in this accident. *See* Ex. C. Sardharia appears to have no involvement with this accident. Nevertheless, Sardharia has not been served with the Complaint and his residency and citizenship are unknown.

11.     Second, this case satisfies the requirement for there to be more than $75,000 in controversy. In the Complaint, Plaintiff claims that she sustained injuries of a "personal, pecuniary and permanent nature," and Plaintiff states that she seeks recovery in *excess* of $50,000. (Ex. A at Count 1, ¶ 15). Upon information and belief, Plaintiff claims that she sustained a traumatic brain injury and hearing loss as a result of this accident. Because Illinois does not require a party to plead a maximum amount of damages in a state law negligence case, the Plaintiff claimed only that her damages *exceed* $50,000 in his underlying State Court Complaint rather than pleading a maximum value. *See* 28 U.S.C. § 1446(c)(2)(A)(ii). However, the nature of Plaintiff's alleged injuries, and the value of her claimed economic and non-economic damages place more than $75,000 in controversy in this matter. *See* 28 U.S.C. § 1446(c)(2)(B).

12.     Accordingly, this lawsuit meets both of diversity jurisdiction's elements: (1) complete diversity of parties and (2) more than $75,000 alleged in controversy. 28 U.S.C. § 1332.

12.     Next, venue is proper in this judicial district. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Plaintiff's Complaint alleges that her injuries stem from a pedestrian and motor vehicle collision that occurred in Cook County, Illinois. (Ex.A.) Accordingly, a substantial portion of the events giving rise to this accident occurred in Cook County, Illinois.

2899802v.1

Cook County, Illinois is located in the Northern District of Illinois, Eastern Division.  Therefore, this litigation's proper venue is the Northern District of Illinois, Eastern Division.

## II.    Uber and Rasier Timely Filed Their Notice of Removal Pursuant to 28 U.S.C. § 1446

13.    Uber and Rasier timely filed their Notice of Removal.  Pursuant to 28 U.S.C. § 1446(b)(2)(B), a party seeking removal must file notice "within thirty days after receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Uber and Rasier were served on April 30, 2020 via their registered agent. Thus, Uber and Rasier have thirty (30) days from April 30, 2020, to file their notice of removal.  Uber and Rasier have satisfied the requirement for timely filing the Notice of Removal pursuant to 28 U.S.C. § 1446(b)(2)(B) by filing this notice prior to May 30, 2020.

14.    While 42 U.S.C. § 1446(b)(2)(A) provides that all properly served and joined defendants must consent to removal, the remaining Defendants have not been served.  Therefore, no other Defendants' consent is required for removal.

15.    Therefore, Uber and Rasier have satisfied all requirements for removing this action to Federal Court.  28 U.S.C. § 1446(b)(2)(A)-(C).

20.    Because this lawsuit meets the requirements for diversity jurisdiction, and Uber and Rasier have timely filed and served their Notice of Removal, this instant lawsuit qualifies for removal to Federal Court.  Therefore, Uber and Rasier request this lawsuit's removal from Cook County Circuit's Court's Law Division to the United States District Court for the Northern District of Illinois, Eastern Division

2899802v.1

WHEREFORE, Defendant, UBER TECHNOLOGIES, INC. and RASIER, LLC, respectfully request that this cause of action's removal to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

UBER TECHNOLOGIES, INC.
RASIER, LLC.

By: /s/ Bret Franco
Loren Cohen
Bret Franco
WILSON ELSER MOSKOWITZ
55 W. Monroe, Suite 3800
Chicago, IL 60603
(312) 704-0550
Loren.cohen@wilsonelser.com
bret.franco@wilsonelser.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2020,  I electronically filed the foregoing document with the clerk of the court for the Northern District of Illinois, using the electronic case filing system of the court.  A copy of this Notice was sent to the following attorneys:

<u>Plaintiff Katherine Reget:</u>

Bradley M. Cosgrove
CLIFFORD LAW OFFICES
120 N. LaSalle Street, 31st Floor
bmc@cliffordlaw.com
Chicago, IL 60602
(312) 899-9090


/s/ Debra Thorne

2899802v.1