# Exhibit A

FILED 3/13/2020 4:14 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

2020L003107

FILED DATE: 3/13/2020 4:14 PM  2020L003107

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| KATHRYN REGET, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. |
| ) | |
| RAISER, LLC, a corporation, ) | *Plaintiff Demands* |
| UBER TECHNOLOGIES, INC., a corporation, ) | *Trial by Jury* |
| DULGUUN CHULUUNDAT, ) | |
| and FARAZ SARDHARIA, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT AT LAW

Plaintiff, KATHRYN REGET, complaining of Defendants, RAISER, LLC (hereinafter "RAISER"), a corporation, UBER TECHNOLOGIES, INC., a corporation, (hereinafter "UBER"), DULGUUN CHULUUNDAT (hereinafter "CHULUUNDAT"), FARAZ SARDHARIA (hereinafter "SARDHARIA") states as follows:

### COUNT I – RAISER, LLC

1. On and before April 24, 2018, Defendant RAISER, was a company providing public transportation services in the City of Chicago, County of Cook and State of Illinois.

2. On and before April 24, 2018, Diversey Parkway was a public roadway running in a general east and west direction at or near Seminary Avenue in the City of Chicago, County of Cook and State of Illinois.

3. On and about April 24, 2018, Defendant, RAISER, controlled, operated and maintained a motor vehicle on Diversey Parkway at or near Seminary Avenue, in the City of Chicago, County of Cook, State of Illinois.

1

4. On and about April 24, 2018, the motor vehicle operated, maintained and controlled by Defendant, RAISER, was being operated by its duly authorized actual agent and/or employee Defendant, CHULUUNDAT, and Defendant, CHULUUNDAT, was acting within the course and scope of his agency and/or employment with Defendant, RAISER.

5. On and about April 24, 2018, the motor vehicle operated, maintained and controlled by Defendant, RAISER, was being operated by its duly authorized actual agent and/or apparent agent Defendant, CHULUUNDAT, and Defendant, CHULUUNDAT, was acting within the course and scope of his actual agency and/or apparent agency with Defendant, RAISER.

6. On and about April 24, 2018, the motor vehicle operated, maintained and controlled by Defendant, RAISER, was being operated by its duly authorized actual agent and/or employee Defendant, SARDHARIA, and Defendant, SARDHARIA, was acting within the course and scope of his agency and/or employment with Defendant, RAISER.

7. On and about April 24, 2018, the motor vehicle operated, maintained and controlled by Defendant, RAISER, was being operated by its duly authorized actual agent and/or apparent agent Defendant, SARDHARIA, and Defendant, SARDHARIA, was acting within the course and scope of his actual agency and/or apparent agency with Defendant, RAISER.

8. On and about April 24, 2018, Plaintiff, REGET, was a pedestrian crossing Diversey Parkway within the cross walk near the intersection of Diversey Parkway and Seminary Avenue.

9. At the time and place aforesaid, the vehicle being driven by the Defendant, CHULUUNDAT, as the duly authorized actual agent, apparent agent, and/or employee of Defendant, RAISER, struck the pedestrian, REGET.

10. At the time and place aforesaid, the vehicle being driven by the Defendant, SARDHARIA, as the duly authorized actual agent, apparent agent, and/or employee of Defendant, RAISER, struck the pedestrian, REGET.

11. On and about April 24, 2018, Defendant, RAISER, by and through its authorized agent and/or employee, Defendant, CHULUUNDAT, owed a duty of care to exercise reasonable care in owning, operating, controlling, managing and/or maintaining its motor vehicle.

12. On and about April 24, 2018, Defendant, RAISER, by and through its authorized agent and/or employee, Defendant, SARDHARIA, owed a duty of care to exercise reasonable care in owning, operating, controlling, managing and/or maintaining its motor vehicle.

13. On and about April 24, 2018, Defendant, RAISER, by and through its duly authorized actual agent, apparent agent, and/or employee, Defendant, CHULUUNDAT, was negligent in one or more of the following respects:

    a) Operated his motor vehicle without keeping a proper and sufficient lookout;

    b) Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

    c) Failed to decrease speed so as to avoid colliding with another person, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

    d) Failed to yield the right-of-way to the Plaintiff, a pedestrian, within a crosswalk, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1002;

    e) Failed to exercise due care to avoid colliding with Plaintiff, a pedestrian, upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1; and

FILED DATE: 3/13/2020 4:14 PM 2020L003107

FILED DATE: 3/13/2020 4:14 PM  2020L003107

  f)  Failed to give audible warning with his horn when such warning was reasonable necessary to insure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601.

14.  On and about April 24, 2018, Defendant, RAISER, by and through its duly authorized actual agent, apparent agent, and/or employee, Defendant, SARDHARIA, was negligent in one or more of the following respects:

  a)  Operated his motor vehicle without keeping a proper and sufficient lookout;

  b)  Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

  c)  Failed to decrease speed so as to avoid colliding with another person, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

  d)  Failed to yield the right-of-way to the Plaintiff, a pedestrian, within a crosswalk, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1002;

  e)  Failed to exercise due care to avoid colliding with Plaintiff, a pedestrian, upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1; and

  f)  Failed to give audible warning with his horn when such warning was reasonable necessary to insure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601.

15.  As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions, the Plaintiff, REGET, sustained injuries of a personal, pecuniary and permanent nature.

WHEREFORE, Plaintiff, KATHRYN REGET, demands that judgement be entered against Defendant, RAISER, LLC, a corporation, for an amount in excess of FIFTY THOUSAND DOLLARS, ($50,000.00).

## COUNT II – UBER TECHNOLOGIES, INC.

FILED DATE: 3/13/2020 4:14 PM 2020L003107

1. On and before April 24, 2018, Defendant, UBER, was a company providing public transportation services in the City of Chicago, County of Cook and State of Illinois.

2. On and before April 24, 2018, Diversey Parkway was a public roadway running in a general east and west direction at or near Seminary Avenue in the City of Chicago, County of Cook and State of Illinois.

3. On and about April 24, 2018, Defendant, UBER, controlled, operated and maintained a motor vehicle on Diversey Parkway at or near Seminary Avenue, in the City of Chicago, County of Cook, State of Illinois.

4. On and about April 24, 2018, the motor vehicle operated, maintained and controlled by Defendant, UBER, was being operated by its duly authorized agent and/or employee Defendant, CHULUUNDAT, and Defendant, CHULUUNDAT, was acting within the course and scope of his agency and/or employment with Defendant, UBER.

5. On and about April 24, 2018, the motor vehicle operated, maintained and controlled by Defendant, UBER, was being operated by its duly authorized actual agent and/or apparent agent Defendant, CHULUUNDAT, and Defendant, CHULUUNDAT, was acting within the course and scope of his actual agency and/or apparent agency with Defendant, UBER.

6. On and about April 24, 2018, the motor vehicle operated, maintained and controlled by Defendant, UBER, was being operated by its duly authorized actual agent and/or employee Defendant, SARDHARIA, and Defendant, SARDHARIA, was acting within the course and scope of his agency and/or employment with Defendant, UBER.

7. On and about April 24, 2018, the motor vehicle operated, maintained and controlled by Defendant, UBER, was being operated by its duly authorized actual agent and/or apparent agent

5

Defendant, SARDHARIA, and Defendant, SARDHARIA, was acting within the course and scope of his actual agency and/or apparent agency with Defendant, UBER.

8. On and about April 24, 2018, Plaintiff, REGET, was a pedestrian crossing Diversey Parkway within the cross walk near the intersection of Diversey Parkway and Seminary Avenue.

9. At the time and place aforesaid, the vehicle being driven by the Defendant, CHULUUNDAT, as the duly authorized actual agent, apparent agent, and/or employee of Defendant, UBER, struck the pedestrian, REGET.

10. At the time and place aforesaid, the vehicle being driven by the Defendant, SARDHARIA, as the duly authorized actual agent, apparent agent, and/or employee of Defendant, UBER, struck the pedestrian, REGET.

11. On and about April 24, 2018, Defendant, UBER, by and through its authorized agent and/or employee, Defendant, CHULUUNDAT, owed a duty of care to exercise reasonable care in owning, operating, controlling, managing and/or maintaining its motor vehicle.

12. On and about April 24, 2018, Defendant, UBER, by and through its authorized agent and/or employee, Defendant, SARDHARIA, owed a duty of care to exercise reasonable care in owning, operating, controlling, managing and/or maintaining its motor vehicle.

13. On and about April 24, 2018, Defendant, UBER, by and through its duly authorized actual agent, apparent agent, and/or employee, Defendant, CHULUUNDAT, was negligent in one or more of the following respects:

    a) Operated his motor vehicle without keeping a proper and sufficient lookout;

    b) Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

    c)    Failed to decrease speed so as to avoid colliding with another person, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

    d)    Failed to yield the right-of-way to the Plaintiff, a pedestrian, within a crosswalk, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1002;

    e)    Failed to exercise due care to avoid colliding with Plaintiff, a pedestrian, upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1; and

    f)    Failed to give audible warning with his horn when such warning was reasonable necessary to insure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601.

14.    On and about April 24, 2018, Defendant, UBER, by and through its duly authorized actual agent, apparent agent, and/or employee, Defendant, SARDHARIA, was negligent in one or more of the following respects:

    a)    Operated his motor vehicle without keeping a proper and sufficient lookout;

    b)    Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

    c)    Failed to decrease speed so as to avoid colliding with another person, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

    d)    Failed to yield the right-of-way to the Plaintiff, a pedestrian, within a crosswalk, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1002;

    e)    Failed to exercise due care to avoid colliding with Plaintiff, a pedestrian, upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1; and

    f)    Failed to give audible warning with his horn when such warning was reasonable necessary to insure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601.

15. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions, the Plaintiff, REGET, sustained injuries of a personal, pecuniary and permanent nature.

WHEREFORE, Plaintiff, KATHRYN REGET, demands that judgement be entered against Defendant, UBER TECHNOLOGIES, LLC, a corporation, for an amount in excess of FIFTY THOUSAND DOLLARS, ($50,000.00).

## COUNT III – DULGUUN CHULUUNDAT

1. On and before April 24, 2018, Diversey Parkway was a public roadway running in a general east and west direction at or near Seminary Avenue in the City of Chicago, County of Cook and State of Illinois.

2. On and about April 24, 2018, Defendant, CHULUUNDAT, controlled, operated and maintained a motor vehicle on Diversey Parkway at or near Seminary Avenue, in the City of Chicago, County of Cook, State of Illinois.

3. On and about April 24, 2018, Plaintiff, REGET, was a pedestrian crossing Diversey Parkway within the cross walk near the intersection of Diversey Parkway and Seminary Avenue.

4. At the time and place aforesaid, the vehicle being driven by the Defendant, CHULUUNDAT, struck the pedestrian, REGET.

5. On and about April 24, 2018, Defendant, CHULUUNDAT, owed a duty of care to exercise reasonable care in owning, operating, controlling, managing and/or maintaining its motor vehicle.

6. On and about April 24, 2018, Defendant, CHULUUNDAT, was negligent in one or more of the following respects:

8

a) Operated her motor vehicle without keeping a proper and sufficient lookout;

b) Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

c) Failed to decrease speed so as to avoid colliding with another person, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

d) Failed to yield the right-of-way to the Plaintiff, a pedestrian, within a crosswalk, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1002;

e) Failed to exercise due care to avoid colliding with Plaintiff, a pedestrian, upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1; and

f) Failed to give audible warning with his horn when such warning was reasonable necessary to insure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601.

7. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions, the Plaintiff, REGET, sustained injuries of a personal, pecuniary and permanent nature.

WHEREFORE, Plaintiff, KATHRYN REGET, demands that judgement be entered against Defendant, DULGUUN CHULUUNDAT, for an amount in excess of FIFTY THOUSAND DOLLARS, ($50,000.00).

## COUNT IV – FARAZ SARDHARIA

1. On and before April 24, 2018, Diversey Parkway was a public roadway running in a general east and west direction at or near Seminary Avenue in the City of Chicago, County of Cook and State of Illinois.

2. On and about April 24, 2018, Defendant, SARDHARIA, controlled, operated and

9

maintained a motor vehicle on Diversey Parkway at or near Seminary Avenue, in the City of Chicago, County of Cook, State of Illinois.

3. On and about April 24, 2018, Plaintiff, REGET, was a pedestrian crossing Diversey Parkway within the cross walk near the intersection of Diversey Parkway and Seminary Avenue.

4. At the time and place aforesaid, the vehicle being driven by the Defendant, SARDHARIA, struck the pedestrian, REGET.

5. On and about April 24, 2018, Defendant, SARDHARIA, owed a duty of care to exercise reasonable care in owning, operating, controlling, managing and/or maintaining its motor vehicle.

6. On and about April 24, 2018, Defendant, SARDHARIA, was negligent in one or more of the following respects:

    a) Operated her motor vehicle without keeping a proper and sufficient lookout;

    b) Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

    c) Failed to decrease speed so as to avoid colliding with another person, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

    d) Failed to yield the right-of-way to the Plaintiff, a pedestrian, within a crosswalk, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1002;

    e) Failed to exercise due care to avoid colliding with Plaintiff, a pedestrian, upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1; and

    f) Failed to give audible warning with his horn when such warning was reasonable necessary to insure safety, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 12-601.

FILED DATE: 3/13/2020 4:14 PM 2020L003107

7. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions, the Plaintiff, REGET, sustained injuries of a personal, pecuniary and permanent nature.

WHEREFORE, Plaintiff, KATHRYN REGET, demands that judgement be entered against Defendant, FARAZ SARDHARIA, for an amount in excess of FIFTY THOUSAND DOLLARS, ($50,000.00).

*/s/* 
Attorney for Plaintiff

Bradley M. Cosgrove
Marta M. Davidson
CLIFFORD LAW OFFICES
120 North LaSalle Street, 31st Floor
Chicago, Illinois 60602
312/899-9090
Atty. No. 32640

11